# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE OSTRANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-00973-BCW |
| | ) | |
| DST SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss, and in the alternative, Motion for Transfer (Doc. #7). The Court heard oral argument from the parties by telephone conference on May 25, 2021. The Court, being duly advised of the premises, grants said motion to dismiss.

## BACKGROUND

This action was filed by Plaintiff Stephanie Ostrander against Defendant DST Systems, Inc., alleging claims for violations of the Employment Retirement Income Security Act ("ERISA") with respect to Defendant's 401(k) Profit Sharing Plan ("the Plan"). The Plan, of which Plaintiff is a participant, is an individual account or defined contribution pension plan under 29 U.S.C. §§ 1002(2)(A) and 1002(34) intended to provide retirement savings and income to DST employees.

Plaintiff previously filed suit in this Court in 2017 alleging the same claims raised in this action. Ostrander v. DST Systems Inc., Case No. 4:17-00747-BCW. The Court dismissed the 2017 case on February 2, 2018, pursuant to the first-filed rule, because an earlier-filed case in the United States District Court for the Southern District of New York involved claims and parties nearly identical to those in Plaintiff's case. Ferguson v. Ruane Cunniff & Goldfarb, Inc., Case No. 1:17-CV-06685-ALC.

The Ferguson case remains pending. Although Plaintiff is not a named party in Ferguson, the named plaintiffs in that case seek class certification to represent all Plan participants, including Plaintiff. In the instant motion, Defendant argues this Court should again dismiss Plaintiff's suit under the first-filed rule in light of the earlier-filed Ferguson case, and that Plaintiff's claims are precluded under the doctrine of collateral estoppel. In the alternative, Defendants argue the Court should transfer this case to the Southern District of New York.

## LEGAL STANDARD

"Generally, the doctrine of federal comity permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Orthomann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985) (internal citation omitted). "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993). Although there is little specific guidance from the Eighth Circuit as to what qualifies as parallel litigation, "courts generally find cases to be parallel when their issues and parties are substantially similar." Pace Const. Co., Inc. v. Travelers Cas. & Surety Co. of Am., 259 F.Supp.2d 934, 937 (E.D. Mo. 2003). "The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." Orthmann, 765 F.2d at 121.

## ANALYSIS

Defendant argues this action should be dismissed pursuant to the first-filed rule because it involves the same parties and claims as the earlier-filed Ferguson case such that the two cases are parallel. In opposition, Plaintiff argues her interests are not aligned with those of the Ferguson

2

plaintiffs, and thus the first-filed rule does not apply. Specifically, Plaintiff alleges the Ferguson plaintiffs do not have an interest in litigating their claims and instead seek settlement for significantly less than the damages Plan members sustained, while Plaintiff wants to litigate her claims in pursuit of the full damages she sustained. Plaintiff further argues the Court should permit her to separately litigate her individual damages before this Court because defined contribution plan participants can bring claims for plan losses to their own individual accounts, not merely claims on behalf of the plan's losses, citing Dorman v. Charles Schwab Corporation, 780 F. App'x 510 (9th Cir. 2019). Plaintiff also references an email from the Department of Labor stating that "the Secretary supports the right of all participants to pursue private actions as provided by ERISA Section 502(a)(2) in whatever forum they choose . . . ." (Doc. #11, Exhibit D).

Despite Plaintiff's efforts to distinguish her claims from Ferguson and the case, the claims in this matter involve the same course of conduct and allegations pertaining to Defendant DST Systems. Plaintiff does not dispute this point. Specifically, the complaint in this case and in Ferguson allege that Ruane made imprudent investments of the profit-sharing portion of the Plan in the stock of Valeant Pharmaceuticals, DST failed to monitor Ruane and disclose relevant information about the profit sharing-portion of the Plan to Plan members, and DST had conflicts of interest arising from a relationship with the Sequoia Fund. The claims in both cases are brought under the same provisions: ERISA §§ 409 and 502.

Additionally, the parties in this matter are substantially similar to those in Ferguson, as Defendant is named in both cases, and Plaintiff is a putative class member in Ferguson. Evans v. JPMorgan Chase, N.A., No. 13-00686, 2014 WL 12600285 (W.D. Mo. Feb. 12, 2014) (rejecting the plaintiffs' argument that putative class members are not considered parties to a case which had
3

not been class certified, and finding the parties substantially the same for purposes of the first-filed rule notwithstanding the plaintiffs' status as putative class members in the parallel proceeding).

Because Plaintiff alleges the same claims as were previously alleged in her 2017 case, and consistent with this Court's prior Order in Plaintiff's 2017 case,[1] the Court finds this case is parallel to the Ferguson case. Plaintiff's concerns that her interests are not aligned with or represented by the plaintiffs in Ferguson would be more appropriately raised before the Ferguson court. Finding that this matter is parallel to Ferguson, the Court finds the first-filed rule is a proper basis to dismiss this action, as Ferguson was filed three years before Plaintiff filed this action. Accordingly, it is hereby

ORDERED Defendant's Motion to Dismiss (Doc. #7) is GRANTED.

IT IS SO ORDERED.

Date: September 3, 2021

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

---

[1] Case No. 4:17-00747-BCW, ECF Doc. #73