# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL L. FERGUSON, MYRL C. JEFFCOAT, and DEBORAH SMITH, on behalf of the DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RUANE CUNNIFF & GOLDFARB INC., DST SYSTEMS, INC., THE ADVISORY COMMITTEE OF THE DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN and THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF DST SYSTEMS, INC.,<br><br>Defendants. | Case No. 17-CV-06685 (ALC)(BCM) |

### DECLARATION OF JEFFREY J. RECHER
### IN SUPPORT OF THE DST DEFENDANTS' MOTION FOR A
### TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Jeffrey J. Recher, declare and state as follows:

1. I am admitted to practice before this Court, and I am a member of the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for the DST Defendants in the above-captioned action.

2. I respectfully submit this declaration in support of the DST Defendants' Motion for a Temporary Restraining Order and Preliminary Injunction.

3. On August 17, 2021, DST received a copy of Your Honor's Memorandum and Order in the above-captioned action. ECF No. 311.

4. On August 20, 2021, DST informed the American Arbitration Association and the attorneys prosecuting the separate arbitrations on behalf of arbitration claimants who are now members of the certified class ("Arbitration Counsel") that DST would cease its

participation in arbitration proceedings in accordance with the Court's Memorandum and Order. Attached as Exhibit A is a true and correct copy of the August 20, 2021 letter from Lewis R. Clayton to Amie Chale, Manager of ADR Services at the American Arbitration Association.

5. In response to DST's August 20, 2021 letter, Arbitration Counsel stated that they would "be present" at the upcoming arbitration proceedings and "intend[ed] to proceed with the various matters presently pending unless and until an injunction has been entered by a Court of competent jurisdiction and delivered to the AAA." Arbitration Counsel also stated that if DST "is absent from any proceedings, [Arbitration Counsel] will move for default judgment and/or similar relief, including dismissal of any appeals." Attached as Exhibit B is a true and correct copy of the August 20, 2021 email from Andy Schermerhorn to Amie Chale, Manager of ADR Services at the American Arbitration Association.

6. On Friday, August 20, 2021, Arbitration Counsel filed 11 new actions in the United States District Court for the Western District of Missouri seeking to confirm arbitration awards. Arbitration Counsel filed an additional three actions in that same court on Saturday, August 21, 2021.

7. Each of the motions filed in the Western District of Missouri by Arbitration Counsel after receiving this Court's Memorandum and Order address that decision in a substantively identical three-page footnote. Arbitration Counsel assert that the Court's order supposedly "ignore[d]" various legal and factual issues, and assert that their "collateral attack" on the Court's decision in the Western District of Missouri "is certain to succeed." Attached as Exhibit C is a true and correct copy of one of the 14 motions filed by Arbitration Counsel: the August 20, 2021 Motion to Confirm Arbitration Award and Memorandum in Support Thereof filed in *Oswald* v. *DST Systems, Inc.*, No. 4:21-mc-09020-NKL (W.D. Mo.).

8. Attached as Exhibit D is a true and correct copy of an August 12, 2019 letter from Lewis R. Clayton to Amie Chale, Manager of ADR Services at the American Arbitration Association.

9. Attached as Exhibit E is a true and correct copy of an August 12, 2019 email from Ted Kapke to Amie Chale, Manager of ADR Services at the American Arbitration Association.

10. To date, hearings have been completed in connection with arbitration claims brought by 328 individual arbitration claimants asserting claims against DST Systems, Inc. arising out of the same events and allegations involving the DST Systems, Inc. 401(k) Profit Sharing Plan at issue in the above-captioned class action. Post-hearing awards have been issued in 272 arbitrations. Many of these awards were subject to appeal within the AAA.

11. DST has prevailed in full in sixty-eight post-hearing arbitration awards. The arbitrators issuing those awards found no liability as against DST and awarded no damages.

12. One hundred thirty arbitration claimants have received post-hearing decisions finding liability but awarding them less than the maximum damages they requested. Sixty-nine arbitration claimants have received post-hearing decisions awarding less than half of the maximum damages they requested.

13. DST previously moved on July 10, 2020 by order to show cause for a preliminary injunction and temporary restraining order. ECF No. 160. That application was denied. ECF No. 196. Since that time, on March 4, 2021, the Second Circuit issued its decision in *Cooper* v. *Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173 (2d Cir. 2021). On August 17, 2021, this Court certified a mandatory, non-opt-out class under Federal Rule of Civil Procedure 23(b)(1). ECF No. 311.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

                                                  */s/ Jeffrey J. Recher*
                                                  Jeffrey J. Recher

Executed on August 23, 2021
New York, New York